NORTHCUTT, Chief Judge.
This appeal is from a final judgment dissolving Stephen and Olga Schulz’s short-term marriage. They married in August 2003 and separated less than two years later. Mr. Schulz challenges certain aspects of the equitable distribution of the parties’ assets and liabilities and the decision to grant his wife’s request for attorney’s fees and to reject his request. We reverse the final judgment only as it relates to the equitable distribution. The court erred in classifying two of Mr. Schulz’s assets as marital and in allocating Mrs. Schulz’s 401(k) plan. Accordingly, we remand with directions to revise the equitable distribution in accordance with this opinion. We affirm the final judgment in all other respects, including the equitable distribution of the parties’ liabilities and other assets not specifically discussed in this opinion, and the rulings concerning attorney’s fees.
We first discuss Mr. Schulz’s complaint about the characterization of two assets. Mr. Schulz self-published two books of poetry. He retained possession of two hundred hardcover copies of one of the books and five hundred paperback copies of the other. Mrs. Schulz’s financial affidavit listed these books as nonmarital *298 property. Likewise, both parties listed Mr. Schulz’s 2001 Hyundai automobile as nonmarital property.
In the equitable distribution, these assets were treated as marital property even though Mrs. Schulz had disclaimed any marital interest in them. In this regard, the court abused its discretion. When the court revises the equitable distribution on remand, it must designate the books and the car as Mr. Schulz’s nonmari-tal property. We affirm the value the court attributed to both these assets.
Before and during the marriage Mrs. Schulz contributed to a 401 (k) plan. Her affidavit valued this asset at $2000, with $1000 denominated as marital property and $1000 listed as nonmarital. She sought to have the entire amount awarded to her. But the final judgment designated the 401(k) account as Mr. Schulz’s asset, with $1000 of its value treated as marital and $1000 as nonmarital. We believe this was a scrivener’s error and that the asset was mistakenly put in the wrong column. If the court had intended to award Mrs. Schulz’s 401 (k) plan to her husband, it would have issued a qualified domestic relations order transferring the asset to him. It did not. As a result, Mr. Schulz was charged with this asset in the equitable distribution, but he did not receive it. When calculating the equitable distribution on remand, the court shall charge this asset to Mrs. Schulz and distribute it to her.
Affirmed in part, reversed in part, and remanded.
STRINGER and VILLANTI, JJ., Concur.